IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WALTER SEECO,[1] | § | |
| | § | No. 3, 2018 |
| Respondent Below-<br>Appellant, | § | |
| | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for Kent County |
| ANNE DRUMMEL, | § | File No. CK15-03051 |
| | § | Pet. No. 16-25891 |
| Petitioner Below-<br>Appellee. | § | |
| | § | |

Submitted: July 27, 2018
Decided: September 26, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Walter Seeco ("Father"), filed this appeal from the Family Court's order dated December 14, 2017, granting, by default, sole custody of the parties' three-year-old son to the appellee, Anne Drummel. On appeal, the Father asserts that the Family Court erred in modifying the parties' joint custody arrangement and in reducing his visitation to one weekend per month. We find no basis to overturn the Family Court's default judgment. Accordingly, we affirm.

---

[1] The Court previously assigned pseudonyms to the parties.

(2)     The record reflects that the parties entered a custody order by consent in May 2016.  Mother filed a petition for modification of custody a year later.  At the time, the parties' son was living with Mother in Delaware.  Father lives and works in Pennsylvania.

(3)     The Family Court held a case management conference with the parties on June 16, 2017.  Mother appeared in person.  Father appeared by telephone.  After talking through the parties' issues and discussing the procedural next steps with them, the Family Court set the matter down for a two-hour trial on December 5, 2017 beginning at 9 AM.  The Family Court informed Father that he would have to appear in person on December 5 and that he could not participate by telephone.  Father acknowledged that requirement.

(4)     On December 5, 2017, Mother appeared at the hearing.  Father did not.  The Family Court found that Father had been properly notified of the hearing, orally and in writing, and stated that Father had not contacted the Court to request a continuance or to provide any explanation for his absence.  Thus, the Family Court granted Mother's petition for sole custody, finding the petition reasonable in light of Mother's uncontroverted proffer of evidence.

(5)     On appeal, Father asserts that he is a loving and responsible parent and that the Family Court erred in granting Mother sole custody.  But, Father does not deny that he was properly notified about the hearing scheduled for the Family Court

to consider Mother's petition to modify custody and that he chose not to appear and contest the petition. Under these circumstances, given Father's default, we find no abuse of the Family Court's discretion in granting Mother's petition for sole custody.[2] To the extent Father has an explanation for his failure to appear, that issue must be presented to and determined by the Family Court in the first instance through a motion to reopen the judgment under Rule 60(b), which must be properly supported by facts justifying relief from the default judgment.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[2] *Stevens v. Brown*, 2014 WL 7010036, *3 (Del. Nov. 25, 2014).
[3] *See* Fam. Ct. Civ. R. 60(b) (2018).